## CIRCUIT COURT OF FAIRFAX COUNTY

Gohar O. Rahmany

v.

Virginia Employment Commission
and Saks Fifth Avenue of Va., Inc.

April 18, 1995

Case No. (Law) 134987

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on Petitioner Gohar O. Rahmany's appeal of the August 22, 1994, decision of the Virginia Employment Commission disqualifying her for unemployment benefits effective April 3, 1994. Petitioner was employed by Saks Fifth Avenue of Virginia, Inc., as a sales associate between May 7, 1990, and September 20, 1993. In June of 1993 the petitioner was granted two weeks leave of absence and two weeks vacation to travel to Iran to care for her mother who was hospitalized for an operation. Although her employer expected the petitioner to return to work on July 11, 1993, she did not return until November of 1993 at which point she was informed that her employment had been terminated.

Petitioner's claim for unemployment compensation was initially denied by a Deputy of the Commission, pursuant to Virginia Code § 60.2-618(1), upon a finding that she had left work voluntarily and without good cause. Petitioner timely filed a Notice of Appeal and a hearing was held before Appeals Examiner L. Daves on May 12, 1994. Based upon the evidence before him, the Appeals Examiner concluded that the claimant demonstrated mitigating circumstances which justified her failure to keep her employer informed of the need to be absent from work and thus held that the claimant was not disqualified for benefits under either § 60.2-618(1) or § 60.2-618(2).

Va. Code § 60.2-618(1) provides for disqualification upon a finding by the Commission that an individual is unemployed because he left work voluntarily and without good cause. Va. Code § 60.2-618(2) provides for disqualification where it is found that an employee has been discharged for misconduct connected with his work.

The employer appealed to the Employment Commission which issued a decision on August 22, 1994, reversing the decision of the Appeals Examiner and disqualifying the petitioner from compensation pursuant to Virginia Code § 60.2-618(2).

Petitioner filed this action pursuant to Chapter 5 of Title 60 of the Virginia Code. The standard of review applicable to proceedings under this chapter is set forth in § 60.2-625 which provides, in part, that "the Commission's findings of facts, if supported by the evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the court shall be confined to questions of law." Va. Code § 60.2-625. Thus, sitting as an appellate court, the issues before this Court are limited to (1) whether the relevant factual findings are supported by the evidence in the record; (2) whether the Commission abused its discretion by failing to direct the taking of additional evidence after the initial hearing before the Appeals Examiner; and (3) whether the Commission misapplied the applicable law in reaching its decision. For the reasons set forth below, the decision of the Commission is affirmed and the petition for Judicial Review is dismissed.

## 1. *The Commission's Findings of Fact*

Petitioner argues that the Employment Commission made findings of fact and took administrative notice of facts which were not supported by the evidence in the record. Specifically, she argues that the Commission attributed Ms. Rahmany's failure to contact her employer to inconvenience when in fact telephone contact was an impossibility. *See* Record at 45. At the July 25, 1994, hearing the claimant testified as follows:

> And usually at the time that could be appropriate, you know, in the United States they [the employer] were closed. Of course it was very, very expensive too, but, you know, I — in spite of all these problems, I tried several times to call them . . . .

Transcript of 7/25/94 hearing at 12. Because the claimant's testimony, and specifically her use of the word "usually," supports the conclusion that contact was not impossible, but was merely inconvenient, the Commission's finding on this issue will not be disturbed. Va. Code § 60.2-625; *Bell*

*Atlantic Network Services v. Virginia Employment Comm'n and Leniece Matthews*, 16 Va. App. 741 (1993).

Petitioner also contends that two other factual findings of the Commission are not supported by the record: (1) the finding that the petitioner did not produce verification from a medical doctor of the need to be with her mother and (2) the finding that the employer contradicted petitioner's belief that she would be put on "on-call" status if she did not return to work on July 11, 1993. Petitioner has admitted to the truth of the first finding but nonetheless argues that it is unsupported by the record. The Court disagrees. Petitioner acknowledged the lack of any medical documentation at the hearing of May 12, 1994, when she stated "I can prove it to you. I can ask *them to send documents and letters from doctors of my mother's surgery . . . .*" Transcript at 26. Furthermore, the fact that the record is devoid of any evidence of a medical verification supports the Commission's finding. The record also supports the finding that the employer did not put the petitioner on an on-call status after she failed to timely return to work. Despite what petitioner may have believed, the Commission was entitled to determine that she was not given such a status, but to the contrary, was terminated from her employment on September 20, 1993.

## 2. *Additional Evidence*

Petitioner has argued that the Commission erred in failing to remand this case to the Appeals Examiner for a further hearing after learning that certain witnesses for the claimant, whose names had been provided to the Commission, were not called at the May 12 hearing. Appeals to the Commission are generally decided on the basis of a review of the evidence in the record developed by the Appeals Examiner. However, pursuant to the Regulations and General Rules Affecting Unemployment Compensation, the Commission may direct the taking of additional evidence, in its discretion, where:

> 1. It is shown that the additional evidence is material, and not merely cumulative, corroborative, or collateral; could not have been presented at the prior hearing through the exercise of due diligence; and it is likely to produce a different result at a new hearing; or
> 2. The record of proceedings before the appeals examiner is insufficient to enable the Commission to make proper, accurate, or complete findings of fact and conclusions of law.

VR 300-01-8.3B, *Regulations and General Rules Affecting Unemployment Compensation* (as adopted July 18, 1994). The Notice of Appeal, which was mailed to Ms. Rahmany on June 23, 1994, fully set forth this Commission rule and instructed the parties as follows:

> The Commission will not automatically schedule a hearing in this case. If either party wishes a hearing to present additional testimony, evidence, or oral argument, a written request setting forth the grounds must be submitted to the Clerk of the Commission within fourteen (14) days from the mailing of this notice.

It is clear from the record that Ms. Rahmany did not properly petition the Commission for a hearing to present additional evidence as her written argument to the Commission,[1] upon which she bases this argument, was mailed at least thirty days after she received the Notice of Appeal. This Court will not remand this case to the Commission for the presentation of evidence that the Petitioner could have presented at the July 25, 1994, hearing if she had complied with the Commission's general rules. The Court is also satisfied that the evidentiary record developed at the May 12 hearing is sufficient to enable a proper adjudication of this case and thus it is held that the Commission did not abuse its discretion in failing to direct the taking of additional evidence. *See Matje v. Rahn D.C. Management, Inc.*, Commission Decision No. 42033-C (Feb. 23, 1994).

In *Matje*, the claimant requested that the Commission direct the taking of additional evidence and testimony. The Commission concluded that despite the regulatory requirement that an Appeals Examiner assist unrepresented parties in presenting their case, VR 300-01-4.2F, *Regulations and General Rules Affecting Unemployment Compensation*, the Appeals Examiner was under no obligation to subpoena witnesses, by his own motion, that the parties had failed to call.

---

[1] Petitioner submitted a five page hand written letter to the Commission in lieu of an oral argument pursuant to the directions set forth in the "Important Information and Instructions" which were attached to the Notice of Commission Hearing for Oral Argument. The Notice of Hearing stated that a hearing was to be held on July 25, 1994, "for the purpose of receiving oral/written argument on the record of evidence previously submitted." The Notice also stated: *"You will not be allowed to present additional evidence* at this hearing."

> The Appeals Examiner has an affirmative obligation to ask sufficient questions to fully develop the record with respect to each particular element that must be considered under the applicable case law, statute, or regulation. Except in a case of genuine surprise which prevented a party from bringing certain evidence to the hearing, it would not be mandatory for an Appeals Examiner to continue a hearing and, on his own motion, subpoena a witness that the parties had not seen fit to call.

*Matje*, at 4.

### 3. *Application of the Law*

Finally the petitioner argues that the Employment Commission erred in holding that Ms. Rahmany failed to demonstrate mitigating circumstances to excuse her failure to contact the employer during her continuing absence from work. She argues that the Commission erroneously relied on *Rebido v. Saidman Imperial Cleaners*, Commission Decision 15737-C (Jan. 12, 1992), because the employee in *Rebido*, unlike the petitioner, failed to make *any* efforts to contact the employer after the date when she was expected to return to work. Petitioner asks the Court to consider the case of *Matje v. Rahn D.C. Management, Inc.* wherein the Commission granted benefits to the employee who made several unsuccessful attempts to contact his employer.

Virginia Code § 60.2-618(2) provides for disqualification from unemployment benefits when the Commission finds that a claimant was discharged for "misconduct connected with work." An employee is guilty of such misconduct when he "deliberately violates a company rule reasonably designed to protect the legitimate business interest of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer." *Branch v. Virginia Employment Commission*, 219 Va. 609 (1978). The petitioner's conduct, in failing to contact the employer for over two months after she was expected to return to work, clearly amounted to such misconduct.[2] *See Rebido* at 3 ("It is uncontra-

---

[2] Although the Commission based its final decision upon a finding that petitioner was discharged for misconduct connected with her work, its finding that petitioners absence from work after July 11, 1993, without authorization, constituted a voluntary abandonment of her job would also support the position that petitioner was disqualified pursuant to Va. Code § 60.2-618(1).

dicted that the claimant did not successfully contact the employer during this period of time regardless of whether or not she attempted to do so personally or through other family members. The employer certainly had the right to have adequate notification from the claimant as to her whereabouts and when she expected to return to work . . . . It is the opinion of the Commission that the claimant's failure to contact her employer for a period of four weeks was a deliberate disregard of standards of behavior of which the employer had the right to expect . . . and did amount to misconduct in connection with her work.").

The petitioner will be disqualified for benefits unless she can meet the burden of proving that there were mitigating circumstances which would establish that her actions were not in disregard of the employer's interest or which would explain or justify her conduct. *V.E.C. v. Gantt*, 7 Va. App. 631 (1989). Petitioner has argued that she was unable to reach the employer because of the time difference and expense involved in overseas telephone connections. The record indicates, however, that telephone contact between Iran and the employer was difficult but not impossible. Although the claimant testified that she asked relatives to call the employer on her behalf, there is no evidence of any such contact until September of 1993.

In *Matje v. Rahn D.C. Management*, the employee was granted leave to travel overseas to be with his daughter who was involved in a serious accident. Although no set period of leave was granted, the employee was instructed to contact his supervisor, as soon as possible after his arrival, to provide some indication as to when he would be able return to work. The claimant left the country on July 14, 1992, and during the month of July made several unsuccessful attempts to contact his supervisor. Eventually the claimant left a message with a front desk clerk informing his employer that he would be returning to work on August 17. Despite the fact that the employee's supervisor never actually received the message, the Commission determined that the claimant's efforts to contact his employer were reasonable and that his conduct did not amount to either a deliberate violation of a company rule or a willful disregard of the employer's legitimate business interest. *Matje* at 6.

The circumstances supporting the holding in *Matje*, are clearly distinguishable from those of the case before this Court. *See Matje* at 6 ("Although the principles set out in the *Rebido* case are applicable here, that does not mean that the same result would be reached."). Unlike the claimant in *Matje*, Ms. Rahmany failed to prove that her conduct was reason-

able and thus did not meet the burden of proving circumstances sufficient to mitigate her failure to contact the employer after July 11, 1993.

For these reasons the decision of the Commission, disqualifying the claimant for benefits effective April 3, 1994, is affirmed.